**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall R. Ratachie, | |
| Plaintiff, | No. CV-11-1351-PCT-PGR |
| vs. | |
| AmeriCredit Financial Services, Inc., | ORDER |
| Defendant. | |

Pending before the Court is defendant AmeriCredit Financial Services, Inc.'s Motion to Dismiss First Amended Complaint (Doc. 10). Having considered the parties' memoranda, the Court finds that the motion should be granted without prejudice to plaintiff Randall Ratachie being granted leave to file a second amended complaint.[1]

Background

According to the allegations in the First Amended Complaint ("FAC"), the plaintiff was hired by the defendant as a collector and customer service representative on September 11, 2006. Beginning in September 2008, the

---

[1] Neither party requested a hearing on the motion to dismiss and the Court concludes that oral argument would not aid the decisional process.

plaintiff began documenting various incidents that were occurring at his workplace related to his age and work activities.  On December 12, 2008, the plaintiff reported his concerns to the defendant's human resource department ("HRD"), providing it with 12 different points of age discrimination.[2]  During a subsequent meeting with HRD, the plaintiff was assured that his job was safe and that his supervisor could not fire him without a HRD representative being present. The plaintiff thereafter documented additional acts that he felt were indicative of age discrimination.[3]  In December 2009, the plaintiff went on a three-week pre-approved vacation and returned to work on December 28, 2009.  He was terminated from his employment that same day without explanation.

On January 4, 2010, the plaintiff filed an administrative Civil Rights Complaint with the Arizona Attorney General's Civil Rights Division ("ACRD") through an online intake form.  He alleged in that form that the defendant had

_____

[2]        Paragraph 11 of the FAC, the main paragraph setting forth the factual background for the plaintiff's claims of age discrimination, states in its entirety:

11.  The 12 points of age discrimination included allegations that employees of Defendant were routinely making insulting comments about older male employees to Plaintiff; Plaintiff was prohibited from accessing certain websites younger employees were allowed to access during break periods; Plaintiff was put on a strict overtime regimen when other employees were not; Plaintiff was written up for performance deficiencies when others who had committed the same deficiencies were not; and Plaintiff was required to report to a Team Leader while other younger employees were not.

[3]        Paragraph 13 of the FAC alleges these additional acts by stating in relevant part: "Those incidents included rude and offensive comments being directed at Plaintiff relating to his age, unequal enforcement of company policies, and Plaintiff was prohibited from attending a social even[t] with his fellow teammates."

subjected him to age discrimination and retaliation.  On June 23, 2010, the plaintiff filed an administrative Charge of Discrimination with the ACRD wherein he alleged that "I believe and therefore allege that but for my race, Caucasian, and my Age 64; [sic] I would not have been subjected to a hostile work environment and terminated from my employment."  The charge did not mention retaliation.  As a result of the work-sharing agreement between the ACRD and the United States Equal Employment Opportunity Commission ("EEOC"), the plaintiff's ACRD charge was also considered filed with the EEOC.  The ACRD mailed a Notice of Right to Sue to the plaintiff on March 18, 2011.

The plaintiff commenced this action in the Maricopa County Superior Court on June 15, 2011, and it was removed by the defendant on the basis of federal question jurisdiction on July 7, 2011.  The plaintiff's FAC, filed on July 28, 2011, raises six claims for relief: intentional infliction of emotional distress (Count I); negligent infliction of emotional distress (Count II); age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count III), age discrimination under the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1461 *et seq.* (Count IV); retaliation under the ADEA (Count V); and retaliation under the ACRA (Count VI).

Discussion

The defendant has moved to dismiss every claim in the FAC pursuant to Fed.R.Civ.P. 12(b)(6), basically on the ground that the FAC fails to allege sufficient facts to support any cognizable claim raised by the plaintiff.

I.  Age Discrimination

The defendant contends that the FAC fails for several reasons to state a

1   claim for age discrimination under either the ADEA or the ACRA.[4]

2        A. Failure to State an Age-Based Hostile Work Environment Claim

3        While there is no dispute that the plaintiff's Charge of Discrimination

4   alleged that he had been subject to a hostile work environment, the defendant

5   argues at some length that to the extent the FAC attempts to raise an age-based

6   hostile work environment claim that claim must be dismissed because the pre-

7   termination allegations in the FAC, even if accepted as true, do not rise to the

8   level of severity and pervasiveness required by law.  In his cursory response to

9   this argument, wherein the plaintiff summarizes the FAC as alleging "that Plaintiff

10  was terminated because of his age in violation of the ADEA, suffered retaliation

11  for reporting his concerns, and suffered emotional distress[,]" the plaintiff asserts

12  that the defendant's motion "presupposes that Plaintiff is going to make certain

13  arguments without any evidence supporting its motion[;]" nowhere in his response

14  does the plaintiff specifically refer to the existence of a hostile work environment

15  claim in the FAC, nor does he make any effort to show that the well-pleaded facts

16  in the FAC are sufficient to allege such a claim.  For those reasons, the Court

17  concludes that the FAC does not raise a separate age-based hostile work

18  environment claim under either the ADEA or ACRA and therefore the Court does

19

20

21      [4]

22      Since neither party has distinguished between the federal and state
    discrimination and retaliation claims for purposes of the motion to dismiss, the

23  Court's resolution of the motion also does not differentiate between them. *See*
    O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 764 n.7 (9th Cir.1996)

24  (Court noted that a plaintiff's remedies under the ACRA are limited to the same
    extent that they are under the ADEA); Sees v. KTUC, Inc., 714 P.2d 859, 861

25  (Ariz.App.1985) (Court noted that federal case law is persuasive in interpreting
    ACRA).

26

1   not reach the merits of this portion of the motion of dismiss.[5]

2       B. Failure to State an Age-Based Termination Claim

3       The defendant also argues that the ADEA/ACRA claims, Counts III and IV

4   of the FAC, which allege that the plaintiff was terminated due to his age, must be

5   dismissed because the FAC fails to state a *prima facie* case of age discrimination

6   in that there is no allegation that the plaintiff was either replaced by a

7   substantially younger employee or that his position was terminated as a result of

8   a general reduction in force.[6]

9       The issue here is not whether the FAC alleges a *prima facie* age

10  discrimination case because an ADEA plaintiff is not required to plead specific

11  facts that establish all of the elements of a *prima facie* case in order to survive a

12  motion to dismiss.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002)

13  (Court held that "a complaint in an employment discrimination lawsuit [need] not

14

[5]

15       Because the Court construes the FAC as not  raising a hostile work
16  environment claim, the Court concludes that it need not resolve at this time the
    parties' timeliness-related arguments regarding the applicability of the continuing
17  violations theory to pre-termination allegations of age discrimination.

[6]

18       In order to establish a *prima facie* case of disparate treatment under the
19  ADEA, the plaintiff must demonstrate that he (1) was at least 40 years old,
    (2) was performing his job satisfactorily, (3) was discharged, and (4) was either
20  replaced by a substantially younger employee with equal or inferior qualifications
    or was discharged under circumstances otherwise giving rise to an inference of
21  age discrimination. Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207
    (9th Cir.2008).  The Supreme Court has now made clear that a plaintiff bringing an
22  ADEA claim must establish that age was the "but-for" cause of the employer's
23  adverse action. Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009).
        With regard to the ADEA/ACRA age discrimination claims, the plaintiff
24  alleges in relevant part in the FAC that "Plaintiff is over the age of 40 and was
    well qualified and capable of performing his job duties with the Defendant and
25  Defendant either replaced him with a younger employee or did not fill his
    position." (FAC paragraphs 32 and 39).
26

contain specific facts establishing a prima facie case of discrimination under the framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).") However, while the FAC need not state detailed factual allegations in order to defeat the motion to dismiss, it must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Rather, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (some internal quotation marks omitted), and facial plausibility is present when the plaintiff pleads factual content, as opposed to legal conclusions, that allows a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*  Dismissal is appropriate under Rule 12(b)(6) if the pleaded facts are merely consistent with the defendant's liability because such allegations do not suffice "to raise a right to relief above the speculative level[.]" <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S.Ct. at 1949-50 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.") (internal quotation marks and brackets omitted).

The Court concludes that the age discrimination claims are subject to dismissal because the FAC's factual allegations do not raise a plausible inference that the plaintiff's employment was terminated due to his age; at best, the factual allegations, viewed in the plaintiff's favor, merely suggest the possibility that the termination was age-related and that is insufficient under <u>Twombly</u> and <u>Iqbal</u>. While the plaintiff asserts that the examples of discriminatory conduct alleged in the FAC, such as those referred to in his "12 points of discrimination," provide

context and evidence supporting his age discrimination, the Court cannot agree. The FAC sets forth very few facts specifically linked to age-related incidents occurring prior to the plaintiff's discharge and all of those are unenhanced in terms of such important details as what the alleged misconduct was, who was responsible for the alleged misconduct, whether those persons had supervisory authority over the plaintiff, when the alleged misconduct occurred and its frequency, etc.[7]   These allegations, which are that "employees of Defendant were routinely making insulting comments about older male employees to Plaintiff; Plaintiff was prohibited from accessing certain websites younger employees were allowed to access during break periods," (FAC paragraph 11), "Plaintiff was required to report to a Team Leader while other younger employees were not" (FAC paragraph 11), and "incidents includ[ing] rude and offensive comments [were] directed at Plaintiff relating to his age" (FAC paragraph 13), are insufficient to plausibly suggest that the plaintiff's termination, which the FAC states was "without explanation," was actually due to the plaintiff's age.[8]

---

[7]       For purposes of resolving the motion to dismiss, the Court assumes that all of these allegations are properly considered in determining whether the FAC states ADEA and ACRA age discrimination claims.

[8]       The other incidents mentioned in the FAC regarding the plaintiff's employment-related treatment prior to his discharge are devoid of any factual enhancement showing that they were even age-related. These incidents are that "Plaintiff was put on a strict overtime regimen when other employees were not; Plaintiff was written up for performance deficiencies when others who had committed the same deficiencies were not" (FAC paragraph 11), that there were incidents involving "unequal enforcement of company policies, and Plaintiff was prohibited from attending a social even[t] with his fellow teammates" (FAC paragraph 13), and that "[f]requently, Plaintiff was spoken to negatively in front of other employees[.]" (FAC paragraph 14).

II.  Retaliation

    A. Failure to Exhaust Administrative Remedies

    The defendant argues in part that the plaintiff's ADEA/ACRA retaliation claims, Counts V and VI of the FAC, are barred due to his failure to exhaust administrative remedies.  The defendant's contention is based on the undisputed fact that the plaintiff's Charge of Discrimination, which he filed with the ACRD on June 23, 2010, did not allege any claim of retaliation; the plaintiff only alleged in that administrative charge that he was subjected to a hostile work environment and was terminated due to his race and age.

    Under the ADEA, allegations of retaliation not included in the plaintiff's administrative charge may not be considered by this Court unless the new claims are like or reasonably related to the allegations contained in the administrative charge. Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (9th Cir.1990).  A retaliation claim that was within the scope of the administrative agency's investigation or which reasonably could have been expected to grow out of the administrative charge is within the Court's authority to resolve.

    The Court cannot conclude at this time that it lacks authority to adjudicate the plaintiff's retaliation claims because, based on the limited record currently before it, those claims could reasonably be expected to have grown out of the totality of the information presented to the ACRD by the plaintiff.  This is so because, as specifically alleged in the FAC, the plaintiff clearly included an allegation of age-based retaliation in his Civil Rights Complaint that he filed online with the ACRD on January 24, 2010.  As the Supreme Court has recognized for purposes of the administrative exhaustion requirements of the ADEA, "[d]ocuments filed by an employee with the EEOC should be construed, to the

extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." <u>Federal Express Corp. v. Holowecki</u>, 552 U.S. 389, 406 (2008).  Notwithstanding that the defendant refers to the plaintiff's initial Civil Rights Complaint as an intake questionnaire, that document, which the Court is required to construe with the utmost liberality, facially meets the requirements for an administrative charge of discrimination in that it provides the plaintiff's and the defendant's identifying information, it specifically states in part that the plaintiff's termination "was clearly an act of retaliation due to [the plaintiff's] ADEA complaint[,]" it states the plaintiff's belief "that by filing this sole complaint with your office, a dual complaint is automatically filed with the Federal EEOC commission[,]" and it asks for the agency's intervention to resolve the plaintiff's allegations of discrimination by the defendant. *See id.* at 405-06; <u>Laquaglia v. Rio Hotel & Casino, Inc.</u>, 186 F.3d 1172, 1175 (9th Cir. 1999) (Court noted that it had previously held that a detailed, signed intake questionnaire may serve as a charge of discrimination sufficient to initiate administrative proceedings.)   While further development of the record may result in a determination that the retaliation claims were in fact unexhausted, the Court cannot make that determination now since it does not know whether the plaintiff intentionally did not include the retaliation claim in his June 2010 charge, whether he then intended for the retaliation claim to be included but ACRD personnel failed to include it, whether the ACRD's investigation, if any, included a review of the retaliation-related allegations, etc.

B. Failure to State a Retaliation Claim

The defendant further argues that the retaliation claims must be dismissed even if they are within this Court's adjudicatory authority because the FAC fails to

allege a *prima facie* retaliation claim inasmuch as it does not set forth a sufficient causal connection between the plaintiff's protected activity and his discharge from employment.[9]  The specific basis for the defendant's argument is that while the FAC alleges that the plaintiff engaged in protected activity by presenting the defendant's HRD with his "12 different points of age discrimination" on December 12, 2008, the FAC also alleges that the plaintiff was not terminated until December 28, 2009, over a year later.  The plaintiff argues that he has stated a *prima facie* retaliation claim "by alleging that he participated in protected activity, was later terminated, the cause of which he alleges was his participation in protected activity" and that the length of time between the protected activity and his termination is not a sufficient reason to dismiss the retaliation claim prior to discovery.

The issue here is not whether the plaintiff has alleged a *prima facie* retaliation claim but whether the factual allegations in the FAC, taken as true, state a claim for retaliation that is facially plausible in terms of causality.  The Court concludes that the retaliation claims are subject to dismissal because the well-pleaded factual allegations in the FAC related to whether the plaintiff's discharge was in retaliation for his protected activity are insufficient to raise the issue of causation above the level of speculation. *See* Iqbal, 129 S.Ct. at 1949-50

---

[9]

In order to establish a claim of retaliation under the ADEA, 29 U.S.C. § 623(d), a plaintiff must show (1) that he engaged in statutorily protected activity, (2) that he was discharged or suffered some other adverse employee decision, and (3) that there is a casual connection between the two.

The ADEA/ACRA retaliation claims in the FAC allege that "Plaintiff participated in protected activity by reporting potential Age Discrimination to Defendant," that "Plaintiff suffered and adverse employment action as a result of participating in protected activity," and that "Plaintiff suffered damages as a result of Defendant's actions." (FAC paragraphs 45-47 and 51-53).

(Since the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," well-pleaded facts that merely permit a court to infer the possibility of misconduct are insufficient to show that the plaintiff is entitled to relief.)  In short, the plaintiff's allegation that his termination was in retaliation for his complaints to HRD 54 weeks earlier is simply a naked assertion of causation devoid of sufficient factual enhancement. *Id.* at 1949.

III.  Infliction of Emotional Distress Claims

The defendant argues that the plaintiff's Intentional Infliction of Emotional Distress claim, Count I of the FAC, and his Negligent Infliction of Emotional Distress claim, Count II of the FAC, must be dismissed because the factual allegations in the FAC are insufficient as a matter of law to support either claim. The plaintiff cursorily contends that the FAC pleads enough of a factual basis for both claims to move forward and that the defendant is improperly asking the Court to use an evidentiary standard in resolving the motion to dismiss.

A.  Intentional Infliction

As to the intentional infliction of emotional distress claim, the defendant contends that it fails because it does not properly allege the outrageous or atrocious conduct necessary to state such a claim.[10]  The Court agrees with the defendant that the background facts alleged in the FAC relevant to this claim fall

---

[10]

Under Arizona law, a *prima facie* case of intentional infliction of emotional distress requires a showing (1) that the defendant engaged in extreme and outrageous conduct, *i.e.*, conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community," (2) that the defendant intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from its conduct, and (3) that the plaintiff suffered severe emotional distress as a result of the defendant's conduct. Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir.2007).

far short of describing conduct on the defendant's part that is plausibly so extreme or outrageous as to go beyond all possible bounds of decency.[11] This is particularly so when the alleged facts are reviewed with the understanding that Arizona law recognizes that it is "extremely rare to find conduct in the employment context that will rise to the level of outrageous necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress," Mintz v. Bell Atlantic Systems Leasing Int'l, 905 P.2d 559, 564 (Ariz.App.1995), and that such liability does not arise for conduct that amounts to "mere insults, threats, annoyances, petty oppressions, or other trivialities." Craig, 496 F.3d at 1059 (citing restatement 2d of Torts, § 46, comment (d).)

B. Negligent Infliction

As to the negligent infliction of emotional distress claim, the defendant argues that it fails because it does not adequately allege that the emotional distress the plaintiff suffered as a result of the defendant's actions resulted in illness or bodily harm.[12]  The Court agrees with the defendant that factual

---

[11]
These allegations are those set forth in paragraphs 11 and 13 of the FAC. See footnotes 2 and 3.

[12]
The only allegations in the FAC relevant to the issue of "illness or bodily harm" are the following:

14.  Frequently, Plaintiff was spoken to negatively in front of other employees resulting in his embarrassment, extreme discomfort, and high stress. During this period, Plaintiff's doctor prescribed him stress relief and anxiety medications and instructed him to remove stress from his life caused by his working conditions.
* * *
22.  Plaintiff suffered severe and debilitating emotional distress, humiliation, and degradation as a result of the acts undertaken by the Defendant entitling him to recover damages.

allegations underlying this claim are also insufficient under the <u>Twombly</u>/<u>Iqbal</u> standard.

Under Arizona law, "[i]n order for there to be recovery for the tort of negligent infliction of emotional distress, the shock or mental anguish of the plaintiff must be manifested as a physical injury.  Damages for emotional disturbance alone are too speculative." <u>Keck v. Jackson</u>, 593 P.2d 668, 669-70 (Ariz.1979); <u>Glau v. Smitty's Super Valu, Inc.</u>, 901 P.2d 455, 457 (Ariz.App.1995) (same); *but see*, <u>Harris v. Maricopa County Superior Court</u>, 631 F.3d 963, 978 (9th Cir.2011) (Court noted that while Arizona law requires that emotional distress result in "illness or bodily harm" in order to recover for the tort of negligent infliction of emotional distress, "bodily harm" includes "substantial, long-term emotional disturbance unaccompanied by any physical injury.") (some internal quotation marks omitted).

The allegations in the FAC regarding the physical impact of the defendant's conduct on the plaintiff are too conclusory to withstand the motion to dismiss. They do not contain the factual enhancements necessary to nudge the plaintiff's claim that he suffered actionable emotional distress "across the line from conceivable to plausible" as is required. <u>Twombly</u>, 550 U.S. at 570*; see also*, <u>Iqbal</u>, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  Missing from the FAC is sufficient factual matter plausibly showing that the defendant's conduct caused physical injury to the plaintiff that constituted something more

---

* * *

26.  Defendant's negligence caused Plaintiff emotional distress, humiliation, and degradation, and as a result of this emotional harm, Plaintiff suffered physical injury or illness.

than transitory physical phenomena, or that resulted in substantial, long-term emotional disturbance.

IV.  Second Amended Complaint

Although the plaintiff has not requested that he be permitted to file a second amended complaint should the Court grant the motion to dismiss, the Court will allow such an amendment because the Court cannot determine as a matter of law based on the record before it that the plaintiff is incapable of pleading facts sufficient to properly state any of the claims raised in the FAC. Therefore,

IT IS ORDERED that the defendant's Motion to Dismiss First Amended Complaint (Doc. 10) is granted and that the First Amended Complaint (Doc. 7) is dismissed without prejudice.

IT IS FURTHER ORDERED that the plaintiff shall file a second amended complaint no later than April 23, 2012.  The plaintiff failure to timely amend his complaint shall result in the dismissal of this action.

DATED this 20th day of March, 2012.

Paul G. Rosenblatt
United States District Judge

- 14 -